**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **PAVEL KISLYAK,** | ) | **CASE NO. 4:11CV3100** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **NEBRASKA STATE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his original Complaint on June 21, 2011. (Filing No. 1.) He filed Amended Complaints on October 25 and November 30, 2011. (Filing Nos. 18 and 23.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 16.) The court now conducts an initial review of the complaints to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

**I.   SUMMARY OF COMPLAINTS**

Plaintiff filed his original Complaint in this matter on June 21, 2011. (Filing No. 1.) He filed Amended Complaints on October 25 and November 30, 2011. (Filing Nos. 18 and 23.) Plaintiff lists a different set of defendants in each of these complaints, and his handwriting is nearly illegible. (*See* Filing Nos. 1, 18, and 23.) The only allegations the court can make out relate to Plaintiff's dissatisfaction with his diet at the Lincoln Regional Center ("LRC"). As best as the court can tell, Plaintiff alleges that LRC staff have placed him on a restricted diet because he is diabetic. (Filing No. 18 at CM/ECF pp. 1-2.) Plaintiff does not like the restricted diet because he does not get enough fruits and vegetables. (Filing No. 23 at CM/ECF p. 1.) The court cannot decipher what relief Plaintiff seeks.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

## III. DISCUSSION OF CLAIMS

The court has carefully reviewed Plaintiff's Complaint and two Amended Complaints. (Filing Nos. 1, 18, and 23.) As set forth above, the complaints are nearly illegible. The

allegations the court can decipher do not nudge Plaintiff's claims about his diet across the line from conceivable to plausible.

Under both the Eighth and Fourteenth Amendments, inmates must be provided nutritionally adequate food.[1] *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986); *see Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992), (prisoners have right to nutritionally adequate food). Failure to provide adequate nutrition may qualify as deliberate indifference to a prisoner's needs, but the prisoner must show that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food. *Heffernan v. Harris*, 419 Fed.Appx. 706 (8th Cir. 2011), (citing *Wishon*, 978 F.2d at 449). A diet without fruits and vegetables might violate the Eighth Amendment if it is a regular prison diet. *Rust v. Grammer*, 858 F.2d 411, 414 (8th Cir. 1988).

Here, as best as the court can tell, Plaintiff does not allege that his diet is nutritionally inadequate. Plaintiff sets forth a long list of medical ailments—"red face, itching, rash, soar throat [sic], lost voice, constant infection in the body, cramping, shaking, lost vision, reaction to florescent light …"—but he does not allege that his diet is the cause of these conditions. (Filing No. 23 at CM/ECF p. 1.) Rather, Plaintiff argues that he should receive *more* fruits and vegetables in his diet. (Filing No. *Id.* at CM/ECF p. 1.) Plaintiff admits that he does receive at least some fruits and vegetables in his diet. (*Id.* ("Took

---

[1]It appears from the face of the Complaint that Plaintiff is being held at LRC pending criminal prosecution in York County, Nebraska. (Filing No. 1 at CM/ECF pp. 3-10.) For the purposes of this analysis, it does not matter whether Plaintiff is an involuntarily committed patient, a prisoner, or a pretrial detainee because Plaintiff's allegations fail under both Eighth Amendment and Fourteenth Amendment frameworks.

fresh live vegetables and fruits away accept [sic] left banana for the breakfast, for lunch and diner [sic] damage potato with sometimes banana and really like lettuce on the plate.").)  Even under the most liberal construction, the allegations that the court can decipher do not nudge Plaintiff's claims across the line from conceivable to plausible.  In addition, it would be futile to order Plaintiff to file another amended complaint in this matter because all of Plaintiff's numerous filings have been almost entirely illegible, nonsensical, or both.  (*See*, *e.g.*, aerial photograph at Filing No. 22.)

    IT IS THEREFORE ORDERED that:

1.    This matter is dismissed in its entirety;

2.    A separate judgment will be entered in accordance with this Memorandum and Order; and

3.    All pending motions are denied as moot.

DATED this 29th day of February, 2012.

                      BY THE COURT:

                      s/Laurie Smith Camp
                      Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.